UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

JASON JAMISON,
Plaintiff, #1090624

vs

Case No. ____________

Defendant(s).

GREGORY HANCOCK,
PATRICA WICKEY,
TREVOR FOLEY, JASON LEWIS, MINCHUE, BROWN, ANDREW PEACOCK, GLORIA LINK, CANZIANNI, JASON HOWARDS, GOFORTH, JONES, JESSE MAY, KAROWASKI, BRADBERRY, STEWART

# PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

## I. PLACE OF PRESENT CONFINEMENT:

MISSOURI EASTERN CORRECTION CENTER
18701 OLD HIGHWAY 66; PACIFIC, MO 63069

## II PREVIOUS CIVIL ACTIONS:

A. Have you brought any other civil actions in State or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

Yes [✓] NO [ ]

COPY

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

Plaintiff(s): JASON LAMAR JAMISON #1090624

Defendant(s): Gregory Hancock et al.

2. Court where filed: United States District Court Eastern District Missouri

3. Docket or case number: 4:25-cv-00974-SEP

4. Name of Judge: Honorable Sarah E. Pitlyk

5. Basic claim made: Sexual Harrassment, Retaliation, failure to protect, deliberate indifference and sexual act.

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

closed; not appealed

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

YES [✓] NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

YES [✓] NO [ ]

C. If your answer to "B" is YES, what steps did you take: I.R.R., grievance, and grievance appeal all denied.

D. If your answer to "B" is NO, explain why you have not used the grievance system:

IV. PARTIES TO THIS ACTION: See Attachments for Defendants

A. Plaintiff(s)

1. Name of Plaintiff: Jason Lamar Jamison

2. Plaintiff's address: 18701 OLD HWY-66; Pacific, MO 63069

3. Registration number: 1090624

4. Additional Plaintiff(s) and address(es):

B. Defendant(s) See Attachments 3(a) 3(b) 3(C)

1. Name of Defendant:

2. Defendant's address:

3. Defendant's employer and job title:

4. Additional Defendant(s) and address(es):

1. Defendant Trevor Foley is or was Acting Director of Division of Adult Institutions of Missouri D.O.C.; He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Missouri Eastern Correctional Center.

2. Defendant Jason Lewis is Deputy Division Director of Division of Adult Institutions of Missouri D.O.C. He is legally responsible for the Deputy duties of operation of the Department and each institution under its jurisdiction including MECC.

3. Defendant Patrica Wickey is Warden of Missouri Eastern Correctional Center. She is legally responsible for the operations of Missouri Eastern Correctional center and for the welfare of all the inmates in that prison and the supervision of all staff at M.E.C.C.

4. Defendant Gregory Hancock was Warden at the time of incidents alleged in suit. He is still legally responsible for the operations of Missouri Eastern Correctional Center during his time as Warden and for the Welfare of all the inmates in that prison and the supervision of all staff at that time at M.E.C.C.

5. Defendant Minchue is defendant's last name and was at the time of incidents held the position of Major and Correctional Officer of the Missouri D.O.C. and was assigned to Missouri Eastern Correctional Center, year 2024

6. Defendant (First name unknown) Brown is a Correctinal officer of the Missouri D.O.C. who at all times mentioned is this compliant held the rank of Major and is assigned to Missouri Eastern Correctional Center.

7. Defendant Andrew Peacock was a Correctional officer of the Missouri D.O.C., who at all times mentioned in this complaint, held the rank of Captin and was at time of incident was assigned to Missouri Eastern Correctional Center

Signature: [signature] 3(a) Date 9-1-26

8. Defendant Gloria Link ~~last~~ was at the time of incident was the Function Unit Manager of the Missouri D.O.C. who at time mentioned in complaint was legally responsible for managing the functions of Housing Unit 5 of Missouri Eastern Correctinal Center and responsible of the welfare of all inmates within Housing Unit of Missouri Correctional Center.

9. Defendant Canzianni (spelling might be wrong) is the Last name of Defendant and uncertain of first name, was an Correctional Officer of the Missouri D.O.C. who at all times mentioned in this Complaint, held the rank of C.O. II; Sgt. and was assigned to Missouri Eastern Correctional Center in year of 2024.

10. Defendant Jason Howards was an Correctional officer of the Missouri D.O.C. who at all times mentioned in this complaint, held the rank of C.O. II; Sgt. and was assigned to M.E.C.C. in the year of 2024.

11. Defendant (First name Unknown) Goforth is a Correctional Officer of the Missouri D.O.C. who at all times mentioned in this complaint held the rank of C.O. II; Sgt. and was assigned to Missouri Eastern Correctional Center in year of 2024.

12. Defendant (first name Unknown) Jones was at the time of incident was the Lt., a Correctional Officer of the Missouri D.O.C., who at all times mentioned in this compliant, held the rank of Lt. and was assigned to Missouri Eastern Correctional Center in the year of 2024.

Signature: Jason Jamison    Date: 9-14-26

13. Defendant Jesse May is a Deputy Warden of Missouri Eastern. Correctional Center, He is legally responsible for the operation of All housing Unit of M.E.C.C. and for the Welfare of all the inmates In that prison and Supervision of all Staff in all Housing Units at M.E.C.C, in the year of 2025.

14. Defendant (first name Unknown) Karowaski is a C.O. of the Missouri D.O.C, who at all times mentioned in this Compliant held the rank of Lt. and is assigned to M.E.C.C. in the year of 2024,

15. Defendant (first name Unknown) Bradberry is a C.O. of Missouri D.O.C. who, at all times mentioned in this complaint held the rank of J.J. a C.O. I and is assigned to Missouri Eastern Correctional Center in the year of 2025.

16. Defendant (first name Unknown) Stewart is a C.O. of the Missouri D.O.C. who, at all times Mentioned in this complaint held the rank of C.O. I and was assigned to Missouri Eastern Correctional Center in year of 2025.

Signature: [signature] Date: 9-1426

COPY

V. COUNSEL

A. Do you have an attorney to represent you in this action?

YES [ ] NO [✓]

B. If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

YES [✓] NO [ ]

C. If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

I had family call numbers and all declined by having to many cases or do not do civil suits for prisoners.

D. If your answer to "B" is NO, explain why you have not made such efforts:

________________________________________________

________________________________________________

E. Have you previously been represented by counsel in a civil action in this Court?

YES [ ] NO [✓]

F. If your answer to "E" is YES, state the attorney's name and address:

________________________________________________

________________________________________________

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

See attachments: 5(1), 5(2), 5(3), 5(4), 5(5), 5(6), 5(7), ~~and 5(8)(b).~~ J.J. 5(8), 5(9), 5(10), 5(11), 5(12), 5(13)

Also see exhibits A-S

VI. 1. Plaintiff Jason Lamar Jamison, has filed this complaint based upon 6 allegations against numerous Missouri Department of Correctional Staff and officers that either committed the sexual contact, participated in the sexual contact, seen the 5 sexual contact take place by observing through cameras placed in cell, observing through glass window on cell door, being inside the cell while sexual contact to place and/or knew about the sexual contact and sexual humiliation by witnessing from cameras, video, reviewing video or was made aware of the danger of exposing offenders nakedness on live feed while being stripped out and placed in housing Unit 5. Once offenders walk away of the "X" on the cell floor, the camera in the cell is facing the cell door and offenders are still naked in wrist restraints, without the camera blurring out offenders naked body. The plaintiff never gave ~~promis~~ permission to have his nakedness exposed to others outside of cell or humiliated, degraded, giving the feeling that abuse, sexual gratification, and humiliating a slave still ~~exit~~ exist in missouri.

Under 18 U.S.C.S. § 2246 (3) definition; "sexual contact" means the intentional touching, either

Signature: Jason Jamison 5(1) Date: 10-19-26

directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humilate, harass, degrade, or arouse or gratify the sexual desire of any person.

This type of contact occurred while in wrist or hand-restraints, on camera (video), while Plaintiff was naked penis exposed to unblurred video camera inside cell, while being uncuffed at the cell food port with Plaintiff's buttock showing in the food port. These methods, unethical and not needed to maintain safety and security. What took place, should never happen in any environment.

Plaintiff holds liable all staff memebers that are mentioned within this complaint of "deliberate indifference" for knowing what took place and not changing the way officers handle residents while being stripped out. There is no policy that governs such search only a "post order" that was told a policy.

All staff was made aware of the sexual contact on video camera, the unauthorised exposed genitalia, penis, anus, buttock and humilation as a human being be cuffed, naked, clothing being snatched off and being in a position that Plaintiff was touching

Signature: [signature] 5(2) Date: 10-19-26

an Officer's penis, while being stripped out by officer. Staff claiming that these procedures were policy and was not but a "post order" who name was never given.

Defendants, Trevor Foley, Jason Lewis, Patrica Wickey, Gregory Hancock, Major Minchue in the year 2023, acting Major in year of 2025-26. whom first name not known is Brown. his last name, at the time mentioned was a Captain Andrew Peacock, Gloria Link was 5 House Functional Unit Manager at the time of 2023; December, ~~Capt~~ Lieutenant Jones at the time of December of 2023 in Housing Unit 5, Jesse May who was at the time Deputy Warden in the year of 2025, and Lieutenant Karowaski (unsure of spelling) was at the time of year 2023-2026 a Lieutenant. all was made aware of sexual contact, exposure of naked body on live feed videocameras, privates part being exposed through food port, and clothing being snatched and cut off of Plaintiff's body during a strip search with wrist-restraints on during the whole strip search. Not forgetting the looks and words that was said while being searched.

Signature: [signature] 5(3) Date: 10-19-26

2. On December of 2023, on the 10th Plaintiff was strip searched by two officers one by the last name and rank Sergeant Canzainani (last name spelling uncertain and first name unsure) and another C.O., a C.O.I with no name tag. my hands were cuffed behind my back, shirt pulled over my head, blinded for at least a minute by shirt pulled over head. The officers pulled my pants down, rubbing my buttock, hands ~~eres~~ JJ. Creasing my penis, and unable to see which one was doing what, making sexual contact that was not wanted. Behavior that is wanton and unnecessary. Causing mental issues that made Plaintiff wanting to phyically hurt someone from officers actions and pass sexual abusive acts that made plaintiff angry, confused, humiliating, harassed, degraded and sex worker by being and video camera without signed consent.

Plaintiff asked for a Lieutenant or a Captain to report a PREA statement. Plaintiff was denied that right so Plaintiff asked for a C.I.T. member or who is in charge this day on sexual contact. Plaintiff was told the Lieutenant Jones was acting Captain and told that he was to busy. Plaintiff was never seen by anyone that day causing more mental pain, stress and unheard. Plaintiff no one that would help him, no one he could tell what took place, placed in confinement ~~whif~~ within the Ad-seg unit.

Plaintiff requested for a Informal Resolution Request

Signature: [signature] 5(4) Date: 10-19-26

form and received form on the 15th day of December 2024. Plaintiff asked to be shown the strip search policy that allow offenders to be on live feed through video cammera inside cell while being stripped out, offender in wrist-restraints, clothing tooking off by officers, abusing offenders while removing clothing, and that it allowed to make sexual contact with offenders private parts during strip searches.

Evidence: see exhibits A, b, C, D, E, F

This Claim and facts to what happened on December 10, 2023; are applicable to the state of Missouri by the Eighth Amendment and Fourteenth Amendment of the United States Constitution. Also, under the Missouri Constitution Article 1, §21 ~~and the Fourteenth Fourteenth Amendment of the United States Constitution.~~ J.J.

3. On March the 7th, of 2024; between the of 11:30 am and about 12:45 pm Central time was placed in cell with a videocamera and "X" on the floor, inside of Housing Unit 5 A wing. Sergeant. Goforth who is currently working in housing Unit 5; of 2026, Asked Plaintiff Jason L. Jamison that he needed to lean against the wall with my head against the wall. Officer Goforth stated that this would be easier for me so he could remove my clothing during the strip search. Officer Goforth had gotten so close me that my hand

Signature: Jason Jamison 5(5) Date: 10-19-

was touching Officer Goforth and unsure what part of Officer Goforth that I was touching. I looked back and seen that I was touching Mr. Goforth's penis. The touching seem to had lasted at less 15 seconds. I turnt towards officer ~~Gofroth~~ Goforth and stated, "You made me touch your dick!" I made that statement twice. Officer ~~Gorth~~ Goforth response was smiling at me. ~~After~~ I was humiliated, degraded, harassed, satifying his sexual desire, I was still in hand-restraints nake and confused to what just took place. I was asked to back up to the food port with my hands behind my back and buttock exposed to bend over to place hands in food port to be uncuffed. It always take long ~~for~~ for the officers to take restraints off. I felt humiliated being on video camera cause the videocamera is pointing at the cell door that the food port is buit into, standing and bending over naked for at least five to ten minutes, in hand-restraints, squatting, coughing and knowing that thoses in the bubble, control center, Captains, Lieutenants, any officer, inmates thats walking into the Captain's office can see all the videocameras, all the Deputy Wardens and Warden has access to all camera's including live feed in real time.

Signature: [signature] 5(6) Date: 10-19-26

Knowing this knowledge and of those who has access to the cameras footage mentally disrupts Plaintiff's normal way living going 25 years in the Department of Correctional and how Plaintiff continuously have nightmares that Officers may Come in at any moment feelthat they can sexually abuse Plaintiff at anytime and nothing will be done about it. Plaintiff continuously have thoughts that staff at Missouri Eastern Correctional Center is making copies of his strip searches and laughing or being sexually gratifying their-selves or selling videos for personal gain.

For Evidence see: exhibits G, H, I, J

These facts to what took place on or about March, 7th 2024 are applicable to the state of Missouri by the 8th Amendment and 14th Amendment of the United States Constitution and of the Missouri Constitution Article 1, §21.

4. On or around June 7, 2024 was placed in Housing Unit 5 and Sgt. Jason Howards along with another Correctional Officer, stripped Plaintiff, Jason Jamison out in a cell with a videocamera and a "X" on the floor around the time of 6am and 8am. How they take the clothing off is rough,

Signature: Jason Jamison 5(7) Date: 10-19-26

degrading, unnecessary, unwanted, and humiliating to be in hand-restraints, naked, touched on and forcibly having clothing yanked, pulled, and snatched off the Plaintiffs body. Having no choice as if a slave in the days it was legal abuse, degrade, humiliate the black man, that wasn't treated like a man or a human-being. Plaintiff was forced to back up to the food Port, naked on video camera, for all who has access to video feed. Plaintiff penis is exposed to the video camera and buttock crack exposed to the Officer that is uncuffing Plaintiff at the time of strip search.

These facts that occurred on June 7, 2024 are applicable to the state of Missouri by the 8th Amendment and 14th Amendment of the United States Constitution and of the Missouri Constitution Article 1, §21.

For Evidence see exhibit: I and J

Signature: [signature] (5)(8) Date: 10-19-26

5. On March 06, 2025, Sgt Jason Howards was the interviewing Officer for a 9.1 an major violation. Plaintiff file a PREA I.R.R. on Sgt Jason Howards on or around June 7, 2024; I.R.R. # MECC-24-686. Plaintiff was placed on Housing Unit 5 bench waiting to be put in a cell. Captain Andrew Peacock and Jason Howards read the violation and afterwards Jason Howards ~~Sat~~ If Stated, "I'm going to make you sit on the bench pass your two hours, you piece of shit!" Because I asked to use the restroom while on the bench. Sgt Jason Howards was at this time the Housing Unit 5 Sergeant. Officer Jason Howards took his time to get a cell or into a cell. Plaintiff was on the bench for about four hours. Plaintiff was taken to a cell that had a video camera recording the strip screach. Plaintiff was still in hand-restraints while officer removed clothing off Plaintiff's body. At the initial time Plaintiff was being stripped out Sgt. Jason Howards was in the Housing Unit 5 bubble watching the cameras. While still in hand-restraints Plaintiff was asked to back up to food port were there isn't a blurred mark to not show the nakedness of any offender. Plaintiff penis and buttock was exposed

Signature: [signature] 5(9) Date: 10-19-26

on videocamera for who ever has access to cameras. Sergeant Jason Howards came and uncuffed Plaintiff while Plaintiff's buttock was exposed in the food port and had to turn around to get clothing exposing Plaintiff's penis too.

Mentally Plaintiff felt like a sex slave how officers treated the strip ~~serach~~ J.J. searchs while being placed in housing Unit 5. Every time Plaintiff seen any officer and they smile or whisper and look at Plaintiff, He felt as if they were talking about him or seen the video tapes of Plaintiff's strip outs. Plaintiff felt humiliated, harrassed, degraded by staff at Missouri Eastern Correctional Center. In the nearly 25 years Plaintiff never endured such degrading, humiliating, harrassing, touched in such ways that was sexual in nature and abusive in the matter.

These facts that occured on March 6th, 2025 are applicable to the state of Missouri by the 8th and 14th Amendments of the United States Constitution and of the Missouri Constitution Article 1, §21.

See Evidence: Exhibits (K) and (L)
Exhibits (M), (N), (O), (P), (Q)

Signature: [signature] (5)(10) Date: 10-19-26

6. On the day of the 17th in the month of September and year of 2025; Plaintiff was placed in housing Unit 5 under investigation. Plaintiff sat on the bench going on four hours without being ask if he needed the restroom or if wrist-restraints were to tight. During the time on bench, Plaintiff ~~continue~~ J.J. continued to see multiple Officers switching out. The Officers that took Plaintiff to the strip out cell with a video camera inside are well known at Missouri Eastern Correctional Center as being gay men.

As they were stripping Plaintiff out he stated, "I feel uncomfortable." I asked for other Officers to do the humiliating strip search. Being that Plaintiff did not want to bow his head down to take T-shirt off, the Sergeant had to cut it off of Plaintiff. As they were taking off Plaintiff underwear Plaintiff heard C.O. Stewart say "Umm" "Okay" and he was on his knees looking at Plaintiff's penis and took Plaintiff shower shoes off. They lefted out the cell and had Plaintiff back up to food port, exposing Plaintiff's nakedness to live video camera while at food port on cell door. While at food port and having hands cuffed behind back, Plaintiff's buttock and hands are in food port. Plaintiff's penis is seen on unblurred video camera exposed to all who has access to videos. While waiting to be uncuffed the officers kept switching who was going to uncuff Plaintiff. This violates the PREA protocols.

Signature: [signature] 5(11) Date: 10-19-26

These facts occured on September 19, 2025 and are applicable to the State of Missouri by the 8th and 14th Amendments of the United States Constitution and of the Missouri Constitution, Article 1, §21.

See Evidence: Exhibits (R), (S) and Video Cameras on September 19, 2025.

7. Plaintiff reallege and incorporate by reference pages 3(a) – 5(8)(6) and not excluding Exhibits (A-S)

The Statements and evidence shows that there is a clear violations of Plaintiff's constitutional rights to the United States Constitution 8th and 14th Amendments and Missouri Constitution Article 1, §21; by committing harm by snatching clothes of Plaintiff, cuffs were tight, cuffs were on while being stripped out, Plaintiff was touched on in the area of Plaintiff's sexual parts, Plaintiff was exposed on video camera without consent, homilated, harassed for filing complaints, was made to touch an officer in the area of officer's penis, sexual looks and sexual sounds being made while searched, staff was made aware of all complaints and made no changes cause Plaintiff continued to go through same or similar sexual contact and exposure, Plaintiff's wrist were brusied and Plaintiff was uncomfortable causing Plaintiff to act out and catch numerous conduct violations causing mental stress, emotionally scared knowing what took place should not happen.

Signature: [signature] 5(8)(12) Date: 10-19-2·

The actions of all mentioned either was directly involved in the sexual contact or seen from observation by seeing through cell glass window, Housing Unit 5 bubble, Captain office, Control Center, made aware through I.R.R., grievance and grievance appeals, or video that Plaintiff requested as evidence. These acts of Cruel and unusual punishment by Sgt. Canzianni, Sgt Jason Howards, Sgt. Goforth, COI Bradberry, and COI Stewart by making sexual contact, sexually exposing Plaintiff with touching, rubbing and on video camera so other officers can see is humilating, degrading, harassing, and a way to gratify sexual desire. Warden Hancock, Patrica Wickey also Warden at Missouri Eastern Correctional Center, Trevor foley Director of D.O.C in Missouri, Jason Lewis Deputy Director of D.O.C in missouri, Deputy Warden Jesse May, Major at M.E.C.C. Brown, Major at M.E.C.C in 2023; December, Minchue, Cpt. Andrew Peacock, Gloria Link the F.U.M. in December of 2023, Lt. Karowaski in the year of 2023, and Cpt. Jones was Captain in the year of 2023 at M.E.C.C., all shown that they our in violation of deliberate indifference, Knowing the harm and danger that took place in December of 2023 - 2025 and did nothing to correct the methods or way their conducting strip searches. Plaintiff asked on Grievance Appeal for Full Name of all officers and staff involved and was denied.

Signature:

Date:

[signature]

5 [illegible] (13)

10-19-26

COPY

VII. RELIEF

State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

See attachment (T)

VIII. MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES ☑ NO ☐

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

$900,000 for being exposed to live feed video recording camera naked and being sexually contacted by C.O.'s $600,000 for injurying wrist and neck as well as mentally damaging me for life.

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [✓] NO [ ]

Jason Jamison
Signature of attorney or pro se Plaintiff(s)

10-19-26
Date